EXHIBIT A

THE HONORABLE RICHARD A JONES

Roberta L. Steele, Regional Attorney
EEOC-San Francisco District Office
450 Golden Gate Ave., 5th Floor West
San Francisco, CA 94102

John F. Stanley, Supervisory Trial Attorney
Teri L. Healy, Senior Trial Attorney
EEOC-Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 220-916
teri.healy@eeoc.gov

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>v.<br><br>TAYLOR SHELLFISH COMPANY, INC.,<br>Defendant. | CIVIL ACTION NO. 16-01517 RAJ<br><br>DEFENDANT'S FIRST DISCOVERY REQUESTS TO PLAINTIFF EEOC AND PLAINTIFF EEOC RESPONSES THERETO |

Plaintiff Equal Employment Opportunity Commission ("EEOC") provides the following response to "Defendant's First Discovery Requests to Plaintiff EEOC" as follows, which also supplement the EEOC's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1):

///

///

EEOC'S RESP TO 1ST DSC REQ- Page 1 of 27

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

## GENERAL OBJECTIONS

1. Plaintiff EEOC objects to Defendant First Discovery Requests to EEOC to the extent that they seek information that is privileged from disclosure by the Attorney-Client Privilege and/or by the Attorney Work Product Doctrine.

2. Plaintiff EEOC further objects to this discovery to the extent that it seeks information that is protected from disclosure by the Governmental Deliberative Process privilege.

3. Plaintiff EEOC further objects to this discovery to the extent that it seeks information that is protected from disclosure by the Therapist-Patient privilege and other privacy protections.

4. Plaintiff EEOC also objects to this discovery to the extent that it seeks information gathered during the conciliation process which may not be disclosed pursuant to Section 706(b) of Title VII, 42 U.S.C § 2000e-5(b).

5. Plaintiff EEOC also objects to this discovery on the ground that it is repetitive and duplicative to the extent that it seeks information that has already been disclosed through Plaintiff EEOC's initial disclosures which were provided to Defendant pursuant to Fed. R. Civ. P. 26(a)(1).

6. Plaintiff EEOC provides these responses based upon its present knowledge, information and belief, and after a reasonable inquiry. However, discovery is ongoing and EEOC hereby acknowledges its duty and reserves its right to amend, correct or supplement these responses.

///
///
///
///

EEOC'S RESP TO 1ST DSC REQ- Page 2 of 27

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

could require the EEOC to reveal information that was created during conciliation and/or is deliberative. Notwithstanding these objections, EEOC directs Defendant to EEOC's and Defendant's initial disclosures.

**INTERROGATORY NO. 18:**

Identify all medical providers or counselors who have provided evaluation, treatment or care to Claimant since January 1, 2007. For each provider identified state the approximate dates of treatment, the nature of the condition necessitating treatment, and specifically state whether the treatment was related to any injuries or damages claimed in this lawsuit.

RESPONSE:

EEOC objects that this discovery request is overbroad and unduly burdensome, and on the basis of relevance because it seeks information about Mr. Daniels' medical history for the past ten years and because there is no limitation on the scope of this request. For example, this discovery request seeks information and documents about any physical condition no matter how trivial or transitory. EEOC also objects to this invasive discovery request about any "medical doctor, psychologist, psychiatrist, professional counselor, therapist, and/or other health care provider who has provided treatment, counseling, therapy, assessment, rehabilitation or other health-related services" to Mr. Daniels for the past ten years to the extent it seeks information about any physical or mental impairment that Mr. Daniels might have. In addition to the foregoing, EEOC further objects to this interrogatory to the extent that it seeks information about any "psychologist, psychiatrist, professional counselor, therapist, and/or other health care provider who has provided treatment, counseling, therapy" to Mr. Daniels for the past ten years because such information about the "condition" and "nature of the Health Services provided to him" is protected from disclosure by the Therapist-Patient privilege. *Jaffee v. Redmond*, 518 U.S. 1 (1996).

EEOC'S RESP TO 1ST DSC REQ- Page 20 of 27

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

EEOC further objects on the grounds that the request is unreasonably broad and unduly burdensome because the EEOC brings a "garden variety" emotional distress claim for Mr. Holt. Again, mental health records, to the extent they exist, are protected by the Therapist-Patient privilege. The Supreme Court's ruling in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and its progeny, have established that a patient's statements to his psychologist or mental health service provider are privileged, and unless a plaintiff's mental state is placed into issue, this privilege is not waived. Courts in the Ninth Circuit have held that merely alleging "garden variety" emotional distress, without more, does not place one's mental state at issue. See *Fritsch v. City of Chula Vista*, 1987 F.R.D. 614 (S.D. Cal. 1999). See also *Cesar v. Mountanos*, 542 F.2d 1064, 1067 (9th Cir. 1976)(emphasizing the importance of protecting confidentiality between psychotherapist and patients).

EEOC also objects to this interrogatory on the grounds that the request is unreasonably broad and unduly burdensome because many trial courts in the Ninth Circuit have recognized the strong privacy and confidentiality interests an individual has in his/her medical history when the individual has not put his/her entire medical history at issue in a discrimination case, i.e., by not claiming a specific bodily injury. See *Sims v. Lakeside Sch.*, 2007 WL 5417731 (W.D. Wa. Mar. 15, 2007); see also *EEOC v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. Mar. 22, 2006). Finally, the EEOC notes that discovery is ongoing. The EEOC may supplement this answer as appropriate.

**REQUEST FOR PRODUCTION NO.12:**

Please produce all medical records, including mental health and psychotherapy records, for every heath care provider (including social workers, psychiatrists, psychologists, therapists, and other medical professionals) who has treated the Claimant for injuries or harm allegedly resulting from incidents referred to in the Complaint.

EEOC'S RESP TO 1ST DSC REQ- Page 21 of 27

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

RESPONSE:

EEOC objects that this discovery request is overbroad and unduly burdensome, and on the basis of relevance because it seeks information about Mr. Daniels' medical history for the past ten years and because there is no limitation on the scope of this request. For example, this discovery request seeks information and documents about any physical condition no matter how trivial or transitory. EEOC also objects to this invasive discovery request about any "medical doctor, psychologist, psychiatrist, professional counselor, therapist, and/or other health care provider who has provided treatment, counseling, therapy, assessment, rehabilitation or other health-related services" to Mr. Daniels for the past ten years to the extent it seeks information about any physical or mental impairment that Mr. Daniels might have. In addition to the foregoing, EEOC further objects to this interrogatory to the extent that it seeks information about any "psychologist, psychiatrist, professional counselor, therapist, and/or other health care provider who has provided treatment, counseling, therapy" to Mr. Daniels for the past ten years because such information about the "condition" and "nature of the Health Services provided to him" is protected from disclosure by the Therapist-Patient privilege. *Jaffee v. Redmond*, 518 U.S. 1 (1996).

EEOC further objects on the grounds that the request is unreasonably broad and unduly burdensome because the EEOC brings a "garden variety" emotional distress claim for Mr. Holt. Again, mental health records, to the extent they exist, are protected by the Therapist-Patient privilege. The Supreme Court's ruling in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and its progeny, have established that a patient's statements to his psychologist or mental health service provider are privileged, and unless a plaintiff's mental state is placed into issue, this privilege is not waived. Courts in the Ninth Circuit have held that merely alleging "garden variety" emotional distress, without more, does not place one's mental state at issue. See *Fritsch v. City of Chula Vista*, 1987 F.R.D. 614 (S.D. Cal. 1999). See also *Cesar v. Mountanos*, 542 F.2d 1064, 1067

EEOC'S RESP TO 1ST DSC REQ- Page 22 of 27

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

(9th Cir. 1976)(emphasizing the importance of protecting confidentiality between psychotherapist and patients).

EEOC also objects to this interrogatory on the grounds that the request is unreasonably broad and unduly burdensome because many trial courts in the Ninth Circuit have recognized the strong privacy and confidentiality interests an individual has in his/her medical history when the individual has not put his/her entire medical history at issue in a discrimination case, i.e., by not claiming a specific bodily injury. See *Sims v. Lakeside Sch.*, 2007 WL 5417731 (W.D. Wa. Mar. 15, 2007); see also *EEOC v. Serramonte*, 237 F.R.D. 220 (N.D. Cal. Mar. 22, 2006). Finally, the EEOC notes that discovery is ongoing. The EEOC may supplement this answer as appropriate.

**INTERROGATORY NO. 19:**

Does Claimant contend he has lost any income, wages, retirement or other benefits or other benefits, past, present or future, based on any incidents referred to in your Complaint,? If so, please state the amount of any such lost income, wages, retirement, or other benefit; and the dates or time period applicable to such income, wages, retirement or other benefit or emolument.

**RESPONSE:**

Mr. Daniels was out of work for approximately three months. Plaintiff EEOC claims lost wages during this period. After leaving Taylor, Mr. Daniels began his employment with the Naval Hospital in Oak Harbor on May 19, 2014. When Mr. Daniels left Taylor he was making $15.50 per hour and was working 40 hours per week. EEOC estimates that Mr. Daniels lost $7,985.85 in lost wages. In addition, Mr. Daniels lost his 401K with Taylor and had to cash this out. As a result of his constructive discharge from Taylor his credit score went down. Finally, the EEOC notes that discovery is ongoing. The EEOC may supplement this answer as appropriate.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

DATED this 4th day of May, 2017.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| TERI L. HEALY<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |

Office of the General Counsel
131 "M" Street NE Washington, D.C. 20507

BY: _____
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6915
Facsimile (206) 220-6911

Attorneys for Plaintiff EEOC

EEOC'S RESP TO 1ST DSC REQ- Page 26 of 27

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

# CERTIFICATE OF SERVICE

I am, and was at the time the herein service took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed in the Legal Unit of the San Francisco District Office of the United States Equal Employment Opportunity Commission.

My business address is U.S. Equal Employment Opportunity Commission, San Francisco District Office, Phillip Burton Federal Building, 450 Golden Gate Ave., 5th Floor West, P.O. Box 36025, San Francisco, CA 94102.

On the date that this declaration was executed, as shown below, I personally served the following document(s):

**DEFENDANT'S FIRST DISCOVERY REQUESTS TO PLAINTIFF EEOC AND PLAINTIFF EEOC RESPONSES THERETO**

by via email, to the following person(s):

Stephanie Bloomfield, WSBA No. 24251
Gordon Thomas Honeywell LLP
1201 Pacific Avenue, Suite 2100
Tacoma, Washington 98402
sbloomfield@gth-law.com

*Attorney for Defendant Taylor Shellfish Co., Inc.*

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2017, at Phoenix, Arizona.

_____
Colleen D. McCartney

EEOC'S RESP TO 1ST DSC REQ- Page 27 of 27

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882