UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. C16-01517 RAJ |
| Plaintiff, | [PROPOSED] CONSENT DECREE |
| v. | |
| TAYLOR SHELLFISH COMPANY, INC., | |
| Defendant. | |

## I. INTRODUCTION

1.    Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) brought this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e- *et seq.*, to correct unlawful employment practices on behalf of charging party Jeremy Daniels. The EEOC filed this lawsuit on September 28, 2016 alleging that Defendant Taylor Shellfish Company, Inc. subjected

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Mr. Daniels to a hostile work environment based on his race and retaliated against him for engaging in protected activity, resulting in his constructive discharge in violation of Title VII.

2.      Mr. Daniels filed a charge of discrimination with the EEOC. After investigating, the EEOC sent Taylor a Letter of Determination with a finding of reasonable cause to believe that Taylor violated Title VII based on Mr. Daniels' discrimination charge. Thereafter, EEOC attempted to conciliate the charge. However, conciliation was unsuccessful.

3.      The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Mr. Daniel's charge of discrimination filed with EEOC. The EEOC and Taylor enter into this Consent Decree to further the objectives of equal employment opportunity in Title VII.

## II. JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The parties agree that the alleged acts took place within the jurisdiction of the United States District Court for the Western District of Washington.

## III. SETTLEMENT SCOPE

5.      This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in Mr. Daniels' discrimination charge, in the EEOC's administrative determination, and in the Complaint filed herein, including all claims by the EEOC and Taylor for attorney fees and costs.

6.      No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

### III. MONETARY RELIEF

7. In settlement of this lawsuit, Defendant agrees to pay Jeremy Daniels the total amount of $160,000 within (20) days of the date of entry of this Consent Decree by delivering the following to Mr. Daniels' home address by overnight mail with proof of delivery to EEOC:

    a. A check in the amount of $5,000 as lost wages payable to Mr. Daniels. The check shall be reduced by any applicable deductions for the employee's portion of FICA and applicable federal and state income tax withholdings related to the payment of wages. Defendant shall include a statement of payments and deductions; and

    b. A separate check in the amount of $155,000 as compensatory damages payable to Mr. Daniels. Defendant will issue Mr. Daniels an IRS form 1099 for the payment described in this subpart (b).

    c. Defendant will not condition the receipt of monetary relief on Mr. Daniels' agreement to: (a) maintain as confidential the facts and/or allegations underlying his charge and complaint and the terms of this Decree; (b) waive his statutory right to file a future charge with any government agency; (c) agree to a non-disparagement and/or confidentiality agreement; or (d) release any claims beyond the Title VII claims at issue in this action and which this Consent Decree resolves.

### V. INJUNCTIVE AND OTHER RELIEF

A. General Provisions

8. Defendant and its officers, agents, employees, including all managers and supervisors, and successors and assigns at the time that this Decree becomes effective, are enjoined from engaging in any of the following unlawful conduct: (a) discriminating against or

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

harassing any employee based on race and (b) retaliating against any employee who engaged in a protected activity regarding practices made unlawful by Title VII.

9.    Defendant will provide prior written notice to any potential purchaser of Defendant's businesses, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Consent Decree. In recognition of its obligations under the Title VII, Defendant shall institute the policies and practices set forth below at all of its facilities.

B.    Anti-Discrimination Policies and Procedures

10.    EEO Policies. Defendant shall review, revise and implement written policies and procedures prohibiting harassment, discrimination and retaliation for complaining about or otherwise reporting harassment and discrimination in compliance with Title VII. The policies and procedures will state that they are promulgated at the direction of and with the endorsement by the highest level of Taylor's management. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise Defendant of any comments. EEOC agrees to review the proposed policies and procedures in good faith.

11.    Defendant will thereafter incorporate the policies and procedures into its employee handbook. No later than (30) days after the entry of this Consent Decree, Defendant will confirm that it has distributed a written copy of its EEO policies to its managers, supervisors, and employees. Thereafter, Defendant agrees to distribute its EEO policies to employees annually.

12.    Complaint Procedures. Defendant shall implement employee complaint procedures to ensure convenient access to points of contact for reporting and require a timely response by the company. The procedures shall: 1) identify multiple points of contact through which employees can lodge complaints, including contact information for officials who will be

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

available during night-shift hours to field and address complaints of harassment and discrimination, 2) allow complaints to be submitted verbally, without need of submission of a written statement, and 3) provide a method for documenting verbal complaints by management. The procedures shall also include a statement from a high-ranking company official encouraging employees to come forward with complaints of discrimination and harassment and reiterating the prohibition against retaliation.

13. Investigation Procedures. Defendant shall implement an investigation procedure to ensure fair and competent investigations of complaints of discrimination, harassment and retaliation. The procedures shall, at a minimum, include requirements that: 1) Defendant begin the investigation of a complaint no later than two business days after the receipt, and 2) Defendant memorialize findings and corrective action in a written report including, at minimum, the allegations of the complaint, the identities of all named witnesses, all witness statements, a summary of documentary evidence, an explanation of investigative findings and a description of any corrective action taken.

14. Policy Modifications. In the event that Defendant modifies any of the policies listed in paragraphs 12-13, above during the duration of the Decree, Defendant shall submit to the EEOC for its review and consideration the proposed modifications no later than thirty (30) days before adoption. EEOC will notify Defendants within fourteen (14) days of receipt of the proposed modifications if it has any comments about the proposed modifications. EEOC agrees to review the proposed modifications in good faith.

C. Equal Employment Opportunity Training

15. Within one hundred and twenty (120) days of entry of this Consent Decree, Defendant will provide training to all employees to ensure that they understand their rights and responsibilities under the anti-harassment, anti-discrimination and anti-retaliation laws and Defendant's policies and procedures. The training shall include specific instruction regarding

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Defendant's revised EEO procedures and policies and will include sample scenarios specifically related to harassment, discrimination and retaliation. The training shall also include information about the different avenues by which a discrimination complaint may be submitted and contact information for the EEOC. The training shall educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of harassment. The training also shall include bystander intervention training that will emphasize the responsibility of a co-worker who observes workplace harassment to report it to management. Defendant shall ensure that the training is developed and administered by instructors with expertise in anti-harassment and anti-discrimination matters. The duration of this training should be no less than one and one half (1.5) hours.

16.     In addition, employees with supervisory and/or human resources responsibilities shall receive training regarding Defendant's policies, including supervisor performance standards, and procedures related to investigations of complaints of harassment, discrimination and retaliation. The training will include how to conduct competent and unbiased investigations. The training further will inform each participant that he or she is responsible for knowing and complying with of Defendant's antidiscrimination policies and investigation procedures. The duration of this training should be no less than four (4) hours.

17.     Thereafter, and continuing during the duration of this Consent Decree, Defendant shall conduct yearly two hour trainings for all supervisory and human resources personnel on this same subject matter.

18.     All training shall be conducted by a third-party with established experience conducting anti-harassment, anti-discrimination and anti-retaliation training. Defendant shall identify all proposed trainers and/or curriculum consultants for the initial training within thirty (30) days of the entry of this Consent Decree. The EEOC will raise any objections to the proposed trainers/consultants within fourteen (14) days. Thereafter, for all subsequent training

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

sessions, Defendant shall provide the EEOC with copies of all training materials no later than thirty (30) days prior to its use. The EEOC will advise Defendant of any comments to proposed training materials within fourteen (14) days. The EEOC agrees to review the training materials in good faith.

19.     All costs of training shall be borne Defendant. Defendant shall ensure that participants sign attendance sheets to certify receipt of training, which it will retain during the duration of this Consent Decree.

D.     Employee Records and Neutral Employment Reference

20.     Defendants shall provide a positive job reference for Mr. Daniels, including a statement that he is eligible for rehire, when asked by any prospective employer.

21.     Defendant shall not disclose any information about or refer to Mr. Daniels' charge of discrimination in responding to employment reference requests or other information requests about Mr. Daniels.

22.     Defendant hereby certifies that the personnel file of Mr. Daniels does not contain any reference to any charge or allegation of discrimination against Defendant and this lawsuit.

E.     Policies Designed to Promote Supervisor Accountability

23.     Defendant shall adopt performance policies and standards that evaluate supervisors and managers on their compliance with EEO policies procedures, and which expressly hold all supervisory and management employees accountable for maintaining a workplace free of discrimination, harassment and retaliation. Supervisors and managers will be notified that their violations of the companies' antidiscrimination policies shall result in appropriate discipline up to and including termination. In addition, supervisors shall be informed of their obligation to report, prevent and correct any discrimination, harassment or retaliation they observe or become aware of in the workplace. They shall be warned that a failure to take action may also result in disciplinary action. Further, Defendant will revise its performance

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

evaluation for supervisors and managers to include a provision evaluating his or her compliance with the revised EEO policies and procedures, including his or her response to complaints of discrimination. Defendant will use this performance evaluation throughout the duration of this Decree.

F.   Reporting

24.   Defendant shall report to the EEOC for a period of three (3) years as provided herein. The reports shall be in writing and submitted on a semi-annual basis during the three-year reporting period. The reporting period will run from the date of entry of this Consent Decree.

25.   The semi-annual reports shall contain the following information and attachments:

a. Certification by the Taylor human resources department of the completion of training and list of attendees set forth in Paragraph 11 above, and a list of all attendees including job titles.

b. Certification that Defendant has continued to maintain its written EEO policies and procedures and to annually distribute copies of its EEO policy as described in Paragraphs 10-13.

c. Defendant shall provide the following information for any employee who has made a complaint of discrimination, harassment, and/or retaliation:

i.   Name of the individual.

ii.   Home address, home and cell phone numbers and email address of the individual.

iii.   A report of the resolution of each complaint including the identification of the individuals involved, their titles, the particulars of the complaint, a summary of the investigation, the company's determination and any corrective action taken.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

      c.   A copy of its EEO policy and a list of any changes, modifications, revocations or revisions to its EEO policies and procedures if any, which concern or affect the subject of harassment, discrimination, and retaliation;

      d.   A summary of formal and informal discrimination complaints that allege harassment or retaliation, if any, filed by any employee, and the resolution of each such complaint; and

      e.   A certification that Defendant has complied with all other provisions of this Consent Decree.

26.     If applicable, Defendant shall submit a statement with its report to the EEOC specifying the areas of noncompliance, the reason for the noncompliance, and steps that were or shall be taken to bring the Company into compliance.

G.    Posting

27.     Defendant shall post a Notice to all Employees. This Notice is attached as Exhibit A to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at each of Defendant's facilities in Washington for the duration of the Consent Decree.

## VI. ENFORCEMENT

28.     If the EEOC determines that Defendant has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendant. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least twenty (20) days after providing written notification of the alleged breach. The 20-day period following the written notice shall be used by the EEOC and Defendant for good faith efforts to resolve the dispute.

## VII. RETENTION OF JURISDICTION

29.     The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882

# VIII. DURATION AND TERMINATION

30.     This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds The Company to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 20th day of July, 2017

ROBERTA L. STEELE
Regional Attorney

JOHN F. STANLEY
Supervisory Trial Attorney

TERI L. HEALY
Senior Trial Attorney

BY: _____
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle District Office
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone (206) 220-6915
Facsimile (206) 220-6911

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

Attorneys for Plaintiff EEOC

By: _____

Stephanie Bloomfield
Gordon Thomas Honeywell
1201 Pacific Ave
Tacoma, WA 98402

Attorneys for Defendant

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6885
Facsimile: (206) 220-6911
TDD: (206) 220-6882